## OSWALT v. KEYS ET AL.

[No. 27,319. Filed January 15, 1940.]

*Robert H. McKinney,* and *V. E. Livengood,* for appellant.

*White & White,* for appellees.

FANSLER, J.—The appellant gave a broken-down Ford automobile and $25 to the appellees for an eight-year-

old second-hand Chevrolet car. This action is to recover back his Ford car and the $25 payment, upon the theory that the Chevrolet car was not as represented, and that he had elected to rescind the contract. There was a judgment for the appellees.

The appellant's motion for a new trial was overruled, and upon this ruling he assigns error.

The appellant contends that the decision is not sustained by sufficient evidence and is contrary to law.

It seems to be the appellant's position that, since he told the appellees' agent he wanted a car that he could use every day, there was an implied warranty of fitness for continuous use, and that, since the car got out of order or had some defects, there was a breach of the warranty or false representation. The appellant testified that the appellees' agent said the car was in "A-1 condition," but it appears from the appellant's testimony that the car had no muffler, and that when he was driving it home it made so much noise that he could not tell whether or not the engine was running well. Appellant drove the car for a few days and then took it to a repair shop and had repairs made. He then drove it more or less and again took it to a repair shop where it was again repaired. It was several weeks after the trade before he notified the appellees that he was dissatisfied and demanded a rescission. The evidence shows that before accepting the Chevrolet car the appellant examined it and two other Chevrolets; that he chose the one which he accepted after hearing the motor run. We are not advised as to just exactly what the expression "A-1 condition" may mean when applied to an eight-year-old secondhand automobile. The trial court may have believed, from the conduct of the appellant in keeping possession of the car and having it repaired after it became obvious that it was not in

perfect condition, and in view of the evidence, that the appellant had carefully examined the car before purchasing it; that the appellant had not relied upon the appellees' representations; and that such representations as were made were merely "seller's talk" and were so construed by the appellant. The appellant testified that after several weeks he took the Chevrolet car back and left it in the driveway of the appellees' garage. The appellees' agent pushed the car out into the street where it stood for some time and was taken away by some boys. There is nothing to indicate that the appellees accepted a return of the car, or any responsibility for it, or that they consented to a rescission of the contract. Upon all of the evidence, it cannot be said as a matter of law that there were misrepresentations by the appellees, relied upon by the appellant, and an election to rescind because of such misrepresentations within a reasonable time after discovery. The trial court heard the evidence and had the opportunity of seeing the witnesses when they testified. He had the right to consider the conduct of the parties and all of the facts and circumstances surrounding the transaction. It cannot be said on appeal that his conclusion was contrary to law.

Error is assigned upon some rulings concerning the admissibility of evidence. The subject-matter of the questions is not of controlling importance and could not have materially affected the result.

Judgment affirmed.